NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

---

STATE OF ARIZONA, *Appellee,*

*v.*

WILLIAM KEVIN MILES, *Appellant.*

No. 1 CA-CR 16-0061
FILED 11-29-2016

---

Appeal from the Superior Court in Maricopa County
No. CR2015-111849-001
The Honorable Alfred M. Fenzel, Judge

**AFFIRMED**

---

COUNSEL

Arizona Attorney General's Office, Phoenix
By Adele Ponce
*Counsel for Appellee*

Maricopa County Legal Defender's Office, Phoenix
By Cynthia D. Beck
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Peter B. Swann and Judge Patricia A. Orozco joined.

---

**G O U L D**, Judge:

¶1         William Kevin Miles ("Defendant") appeals from his convictions and sentences for one count of possession of dangerous drugs and one count of possession of drug paraphernalia.  He argues he was not competent to stand trial.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2         Defendant entered the U.S. Bank branch in downtown Phoenix.  Because he was acting erratically, bank personnel went to the Phoenix Police office located across the hallway in the same building and asked officers to help remove Defendant from the bank.  The officers contacted Defendant as he was heading out of the building.  They asked Defendant for some identification and he provided his driver's license.  When the officers ran a records check they discovered Defendant had an outstanding warrant, so they arrested him and performed a search incident to arrest.

¶3         During the search, the officers found a pack of cigarettes in Defendant's left front pant pocket and a glass pipe in his right front pocket.  Concealed in the cigarette pack was a plastic Ziploc bag containing a white crystalline substance that was later determined to be methamphetamine.  As a result, Defendant was charged with one count each of possession of dangerous drugs, a class 4 felony, and possession of drug paraphernalia, a class 6 felony.

¶4         Shortly after he was charged, Defendant's counsel requested a Rule 11 evaluation.  The court granted Defendant's request and appointed two mental health experts to perform the evaluations.  However, before he was evaluated, Defendant's counsel withdrew the motion, stating that Defendant understood the charges and could assist in his defense.

¶5         A few months later, Defendant's counsel again requested a Rule 11 evaluation.  Defense counsel explained that Defendant appeared to be psychotic, was responding to internal stimuli and suffering from

auditory hallucinations, and was expressing delusions of grandeur. The court granted Defendant's motion and again appointed two mental health experts to examine Defendant. The State and Defendant later stipulated the court could determine Defendant's competency based on the report of one expert, psychologist Bennette Dawson.

**¶6**       Dawson found Defendant to be competent to stand trial. Her report explained that Defendant exhibited an understanding of the roles of the parties and the legal charges and potential sentences he was facing. The court entered findings that Defendant understood the proceedings and was able to assist his counsel with his defense. Accordingly, the court found Defendant competent.

**¶7**       On the first day of trial, before jury selection began, Defendant's counsel again raised the issue of Defendant's competency. Defense counsel expressed concerns over Defendant's comprehension of the proceedings and informed the court Defendant was making statements that were not based in reality. The court engaged in a colloquy with Defendant, questioning him regarding the roles of the parties and the nature of the proceedings. Defendant recalled the incident giving rise to the charges against him and was aware of the nature of the charges. Defendant also displayed awareness of the fact that he had undergone a previous mental health evaluation and he was found competent. The court found reasonable grounds did not exist to order another Rule 11 evaluation.

**¶8**       The court proceeded with trial. Defendant testified during the presentation of his case. During his testimony he expressed the belief that he was the CEO of the U.S. Bank branch he was in on the day he was arrested and that he owned 5,000 companies. When questioned regarding his possession of the methamphetamine and pipe, Defendant explained that he was unaware of the drugs concealed in the cigarette pack, and that he had confiscated the pipe from one of his apartment complexes and intended to safely dispose of it.

**¶9**       Defendant was convicted on both counts and sentenced to concurrent sentences of 4.5 years for possession of methamphetamine and 1 year for possession of drug paraphernalia. He timely appealed.

## DISCUSSION

**¶10**       Defendant argues the court erred by denying his request for a Rule 11 competency determination during trial and by failing to order Defendant be evaluated *sua sponte* following his testimony.

3

**¶11**        We review a trial court's determination of competency for an abuse of discretion.  *State v. Lewis*, 236 Ariz. 336, 340, ¶ 8 (App. 2014).  We do not reweigh the evidence.  *Id.*  Considering the facts in the light most favorable to sustaining the court's findings, "'[w]e must determine whether reasonable evidence supports the trial court's finding that the defendant was competent.'"  *Lewis*, 236 Ariz. at 340, ¶ 8 (quoting *State v. Glassel*, 211 Ariz. 33, 44, ¶ 27 (2005)).

**¶12**        "A defendant has a due process 'right not to be tried or convicted while incompetent.'"  *State v. Kuhs*, 223 Ariz. 376, 380, ¶ 13 (2010) (quoting *State v. Amaya-Ruiz*, 166 Ariz. 152, 161 (1990)); *see also Cooper v. Oklahoma*, 517 U.S. 348, 354 (1996) (quoting *Medina v. California*, 505 U.S. 437, 453 (1992)) (same).  A defendant is incompetent to stand trial if "as a result of a mental illness, defect or disability a defendant is unable to understand the nature and object of the proceeding or to assist in [his] defense."  Ariz. Rev. Stat. ("A.R.S.") § 13-4501; R. Crim. P. 11.1; *Amaya-Ruiz*, 166 Ariz. at 161-62 (quoting *Dusky v. U.S.*, 362 U.S. 402, 403 (1960)) (same).

**¶13**        Competence to stand trial is a legal standard, not a psychiatric standard.  *Godinez v. Moran*, 509 U.S 389, 402 (1993).  "Requiring that a criminal defendant be competent has a modest aim: it seeks to ensure that he has the capacity to understand the proceedings and to assist counsel."  *Id.*; *see also Bishop v. Superior Court*, 150 Ariz. 404, 407 (1986) (stating that "fundamental fairness requires that a defendant be armed with some minimal awareness of reality before the power of the state is exerted against him").  "The judge's duty is to evaluate the data and determine 'whether the defendant's functional impairment is cumulatively so great that he fails to meet the minimum performance level necessary for the satisfaction of due process and the preservation of the integrity of the criminal adversary system.'"  *Id.* at 409 (internal quotation omitted).

**¶14**        A trial court does not err in refusing to order a second competency hearing where a defendant proffers "no new information to call into question the court's previous finding of competency."  *State v. Lynch*, 225 Ariz. 27, 34, ¶ 18 (2010).  "Rule 11.3[] requires that a competency hearing must be held if reasonable grounds exist to support a request."  *Bishop*, 150 Ariz. at 407.  If at any time it appears that the defendant's competency is in doubt "[d]ue process requires the judge to raise the issue and hold the hearing *sua sponte*."  *Id.*; *see also Amaya-Ruiz*, 166 Ariz. at 162 (stating that judge is under continuing duty to inquire into defendant's competency).  However, absent new evidence, a court may rely on an earlier psychologist's report of a defendant's competency without abusing its discretion.  *Lynch*, 225 Ariz. at 34, ¶ 18.

¶15 Defendant argues the court should have ordered another Rule 11 evaluation because his statements during the colloquy and during his testimony showed he was not competent to stand trial. However, Defendant's statements were similar to those he made prior to his original competency evaluation, and following that evaluation, he was found competent.

¶16 Additionally, in contrast to his grandiose business testimony, when Defendant testified about his arrest for possession of the pipe and methamphetamine, he showed he was competent. Defendant recalled the cigarette pack that was found in his possession and the fact that it contained methamphetamine; he explained, however, that he was not aware it contained the drugs. He also acknowledged that he had the glass pipe in his pocket, but he explained the pipe was not his; rather, he was holding on to the pipe in order to dispose of it safely.

**CONCLUSION**

¶17 For the reasons above, the court did not abuse its discretion in declining to order additional Rule 11 evaluations of Defendant. The record shows the court correctly determined that Defendant was competent to stand trial. We affirm Defendant's convictions and sentences.

